Jambs T. Shields, S. J.,
delivered the opinion of the Court.
In these causes a death is suggested and proved. The parties against 'whom it is sought to revive are nonresidents, and beyond the reach of the process of the Court. It is, therefore, manifest that the parties cannot be brought before the Court by the process of scire fa-cias, and some other mode must be used.
This Court clearly has the power to adopt and use the necessary means for the exercise of its appellate jurisdiction, else in many cases it must entirely ‘fail. It must have the power to remedy such imperfections as occur after its jurisdiction has attached. If, by reason of some event subsequent to the appeal, there is no person before the Court by or against whom it can be prosecuted — as upon the death of a litigant whose interest or liability does not either determine on death, or survive to some other litigant — the Court has the inherent power to cure the defect; and under the provision in the Code, 4504, authorizing the Court to establish its own rules of practice, we think the Court has the power to make ’and establish a rule, when a case arises to which there is no rule now in use that applies.
Before the statutory mode of reviving causes in the Court ■ of Chancery by scire facias came in use, the remedy was by bill of revivor, or in the nature of a bill of revivor; and we can see no reason why such a bill cannot be filed in this Court, when, by reason of the parties being nonresidents, the writ of scire facias cannot be served. The *785 statute authorizing publication in lieu of personal service of process, in certain specified cases, we think is applicable to bills of revivor, and the difficulty of non-residence may be thereby obviated. Such appears to be the practice in the courts of New York, where the parties against whom a revivor is necessary, reside beyond the reach of the process of this court. The mode of reviving a cause in the Supreme Court of the United States, Rule xxviii, is by motion, order, and publication of the order.
The opinion of the Court is, that these modes of re-vivor may be adopted at the election of the party. If the bill of revivor be resorted to, it need state only the matters required by statute to be stated in the seire fa-eias, when that remedy is used. If the remedy by motion and order be adopted, the order must show the style of the cause; the court from which the appeal is prosecuted; that the death of the party has been suggested and proved, or admitted; the name or names of the pai'ties against whom the revivor is sought; and that they are non-residents; and that publication is ordered by the Court, in lieu of personal service of process. A copy of this order must be made out and certified by the Clerk, and inserted in some newspaper published in the division, for four successive weeks before the term at v/hich the revivor is to be made.
*786 The Court, on a subsequent day, adopted the following additional
RULES OF PRACTICE.
In case of the death or marriage of any party to a cause or proceeding pending in this Court, making a revivor necessary, and no motion being made to revive by the party entitled to revive by motion, as now provided by law, the cause may be revived by soire jacias, by bill of revivor, in cases in Chancery, or by publication as hereinafter provided.
If it shall appear by the return of the Sheriff upon the soire facias, or upon the subpoena, under a bill of revivor, that any defendant therein is not to be found, or if it be shown by affidavit filed, that any of the causes exist, which are specified in the 1st, 2d, 4th and 5th sub-divisions of section 4352 of the Code, as ground for dispensing with personal service of process, the Court in term time, or the Clerk, in vacation, may. make an order requiring such party to appear at a time specified, and show cause why the suit should not b§ revived against him, a copy of which order shall be published for four successive weeks in some newspaper published at the place where the order is made, or in such other paper as the Court may order.
Writs of soire faoias, subpoenas upon bills of review and orders of publication, if issued or made in term time, may be made returnable as the Court or Clerk may direct. If issued or made in vacation, such writs or orders of publication may be made returnable to the first day of the next term, or to any rule day *787 in vacation; and in tbe latter case, after due publication or service of the writ, if no defense is made or cause shown against the revivor, the Clerk may, at any rule day in vacation succeeding such return day, enter an order reviving the cause.
The first Monday of every month shall be a rule day, and the Clerk shall keep a rule docket in which he shall enter all orders made by him under these rules.
November, 1870.